UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEX G.C., | Case No. 26-CV-271 (NEB/EMB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; KRISTI NOEM, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Alex G.C.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Alex G.C. is a citizen of Ecuador who has lived in the United States since February 9, 2021, when, at age fourteen, he entered the country without inspection. (*Id.* ¶¶ 13, 27–28.) He was designated as an Unaccompanied Alien Child ("UAC") under 6 U.S.C. Section 279(g)(2) and transferred to the custody of the

Department of Health and Human Services. (*Id.* ¶ 29.) Eventually, he was released to family in the United States. (*Id.*) In June 2023, at the age of sixteen and while living with his parents in the United States, Alex G.C. applied for asylum under the Trafficking Victims Protection Reauthorization Act. (*Id.* ¶ 30.)

On January 13, 2026, as Alex G.C. left his high school, Respondents took him into custody—without a warrant. (*Id.* ¶¶ 35–36.) Afterwards, Alex G.C. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Alex G.C. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Alex G.C. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Alex G.C. also argues that Section 1225(b)(2) does not apply to him because he entered the country as a UAC and therefore must be placed "in the least restrictive setting

2

available" under 8 U.S.C. § 1232(c)(2)(B). (Pet. ¶¶ 92–95; ECF No. 5 at 2.[1]) The Court need not resolve this issue because, even if Section 1232(c)(2)(B) does not apply to Alex G.C., the Court concludes he is subject to 1226(a) and entitled to immediate release because Respondents arrested him without a warrant.[2]

Because he has been living in the United States since he entered the country almost five years ago, Alex G.C. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment as well as INA and its implementing regulations.

The Court has already concluded that petitioners similarly situated to Alex G.C. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Alex G.C. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

---

[1] All page citations to the record reference ECF pagination.

[2] For the same reason, the Court need not consider Alex G.C.'s allegation that he is a class member in *J.O.P. v. D.H.S.*, No. 8:19-CV-1944 (D. Md. July 30, 2024). (Pet. ¶ 31.)

3

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents effectively concede that the Court's decision in *R.E.* controls Alex G.C.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. (ECF No. 4.) Respondents do not address Alex G.C.'s alternative grounds for release. The Court is not persuaded by the minority viewpoint; it has already considered and rejected those arguments in *R.E.*[3]

---

[3] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

4

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Alex G.C. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, as required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-05 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Alex G.C. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Alex G.C.'s detention in light of issues raised by the habeas petition. (ECF No. 3.) Respondents did not submit a warrant to support Alex G.C.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Alex G.C.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Alex G.C.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

   a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

   b. ORDERS that Respondents must release Petitioner from custody in Minnesota immediately;

   c. ORDERS that, within **two days**, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

   d. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 17, 2026                          BY THE COURT:
Time: 7:19 p.m.                                       s/Nancy E. Brasel
                                                              Nancy E. Brasel
                                                              United States District Judge